UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KATHY MINER,

        Plaintiff,                      3:11-CV-0106-LRH-VPC

v.

                                                <u>ORDER</u>

WASHOE COUNTY SCHOOL DISTRICT, et al.,

        Defendants.

        Before the court is plaintiff Kathy Miner's ("Miner") motion for a temporary restraining order without notice pursuant to Rule 65 of the Federal Rules of Civil Procedure. Doc. #3.[1]

        Pursuant to Rule 65, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party . . . only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1).

        Here, after reviewing the documents and pleadings on file in this matter, the court finds that Miner has not satisfied the requirements for issuance of a temporary restraining order without notice under Rule 65. In support of her motion, Miner has submitted a personal affidavit and a

---

[1] Refers to the court's docket number.

declaration from counsel. *See* Doc. #3, Exhibit 1; Doc. #3, p.15. However, these documents fail to comply with the requirements of Rule 65(b)(1)(B). *See* Doc. #3, p.15. Counsel's declaration does not mention any attempt to provide notice to the opposing party nor does it identify the reasons why notice should not be required. Rather, the declaration makes it clear that notice of the motion will not be provided to the opposing party until the court has issued a hearing date on Miner's related motion for a preliminary injunction. *See* Doc. #3, p.15, ¶4. Further, Miner's affidavit submitted in support of her motion fails to make the requisite clear showing that immediate and irreparable harm will result before defendants can be heard in opposition. Therefore, the court finds that Miner is not entitled to issuance of a temporary retraining order. Accordingly, the court shall deny Miner's motion for a temporary restraining order.

IT IS THEREFORE ORDERED that plaintiff's motion for a temporary restraining order (Doc. #3) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for an order shortening time (Doc. #5) is GRANTED. Plaintiff shall serve a copy of the motion for a preliminary injunction (Doc. #6), along with the complaint and summons in this action, on defendants no later than February 17, 2011. Defendants shall file a response to the motion for preliminary injunction no later than 5:00 p.m., Wednesday, February 23, 2011. Plaintiff may file a reply no later than 5:00 p.m., Thursday, February 24, 2011. A hearing on plaintiff's motion for a preliminary injunction (Doc. #6) shall be set by the court for a date and time after the briefing schedule.

IT IS SO ORDERED.

DATED this 16th day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE